**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

Jesus Alejandro Contreras Surio,

    Petitioner,

    v.                                          Case No. 2:26-cv-02923-BCL-atc

Christopher Bullock
*New Orleans Field Office, Director of*
*Immigration and Customs Enforcement*,

    Respondent.

---

## ORDER DENYING § 2241 PETITION

---

Petitioner Jamie Ramos-Venegas filed a Petition for Writ of Habeas Corpus in which he challenged his detention without a bond hearing pending the outcome of removal proceedings. Doc. 1. For the reasons that follow, the Petition is **DENIED**.

At the outset, the Court notes that, in his Reply, Petitioner now seeks "immediate and unconditional release" based on arguments nowhere presented in his Petition. This is at least the sixth time Petitioner's counsel has proceeded in this fashion, despite repeated orders recognizing the tactic results in forfeiture. *See Acevedo-Solis v. Bullock*, 2026 WL 2137955, at *2 (W.D. Tenn. 2026) (so concluding); *Murillo Moran v. Bullock*, 2026 WL 1998625, at *1 (W.D. Tenn. 2026) ("**And counsel, in this case and similar cases, are again reminded of the impropriety of reserving arguments for a reply brief and that one potential consequence of doing so, among others, is the rejection of those arguments on grounds of forfeiture.**"); *Jose Leonardo Rodriguez-Arevalo v. Bullock*, No. 2:26-CV-02763-BCL-TMP, 2026 WL 2149956, at *1 (W.D. Tenn. July 27, 2026); *Macias-Morales v. Bullock*, No. 2:26-CV-02907-BCL-ATC, 2026 WL

2211244, at *1 (W.D. Tenn. July 31, 2026); *Contreras Surio v.* Bullock, No. 2:26-CV-02913-BCL-TMP, 2026 WL 2211322, at *1 (W.D. Tenn. July 31, 2026). So too here, for the arguments in support of immediate and automatic release.

More broadly, the petition is denied for failure to exhaust administrative remedies. Respondent notes that "to date, Petitioner has not filed a motion with the immigration court requesting a bond hearing." Doc. 6 at 2. So Petitioner is asking this Court to step in in the first instance and order him released, bypassing the Immigration Judge and the Board of Immigration Appeals entirely. Doc. 1 at 7. That is inappropriate—particularly where, as here, the petition was filed after the Sixth Circuit held in *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026), that some applicants are entitled to individualized bond hearings.

The Supreme Court "long has acknowledged the general rule that parties exhaust prescribed administrative remedies before seeking relief from the federal courts." *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992). While exhaustion is prudential in this context, exhaustion gives an agency "the opportunity to correct its own mistakes with respect to the programs it administers"; "discourages disregard of the agency's procedures"; promotes efficiency because "[c]laims generally can be resolved much more quickly and economically before an agency"; and "may produce a useful record for subsequent judicial consideration." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (quotation marks and citations omitted). And the doctrine arguably helps to protect and promote the separation of powers, insofar as it leaves it to the Executive Branch to make the call in the first instance, without the Judicial Branch jumping in to dictate the results before the Executive has had an opportunity to reach a final decision on the Petitioner's claim through its own processes. *See Smith v. U.S. Sec. & Exch. Comm'n*, 178 F.4th 312, 325 (6th Cir. 2026) ("This rule is designed to afford the agency the opportunity to reconsider its position in the first instance,

and to promote efficient litigation." (citing *Jones Bros., Inc. v. Sec'y of Lab.*, 898 F.3d 669, 673 (6th Cir. 2018))).

In his Reply, Petitioner contends that irreparable harm would ensue if he were required to exhaust his bond request before the immigration court and BIA. This contention fails for at least three reasons. *First*, Petitioner asserts in Reply that pursuing a bond hearing before an Immigration Judge would be futile. Doc. 8 at 4-5. Apparently, Petitioner means (or at least primarily means) that the Immigration Judge will follow *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA), and hold Petitioner categorically ineligible for a bond hearing, despite the Sixth Circuit's rejection of that decision. Doc. 8 at 4. Petitioner has offered no basis supporting that belief, which is flatly inconsistent with Respondent's position here that "this case is covered by the Sixth Circuit's recent decision in *Lopez-Campos v. Raycraft*, 2026 WL 1283891 … (6th Cir. May 11, 2026)," which held that at least some noncitizens are entitled to individualized bond determinations under 8 U.S.C. § 1226. And that is over and on top of the presumption of regularity to which the politically accountable Executive Branch is rightly entitled. *See Ortiz Rodriguez v. Bondi*, 2026 WL 674217 at *2 (6th Cir. 2026). Petitioner thus falls back to an argument that he is unlikely to succeed before the Immigration Judge and BIA because of a pattern (which Petitioner asserts but does not prove[1]) of purportedly "pretextual denials" of bond in *other cases*. That does not suffice to excuse the need for exhaustion *in this case*, because "the crucial inquiry [is] whether the agency *can* provide the relief requested if the argument succeeds, not whether it is likely to succeed." *Smith v. United States Sec. & Exch. Comm'n*, 171 F.4th 798, 810 (6th Cir. 2026) (emphasis added). And certainly, mere claims of pretext without actual support cannot warrant excusing exhaustion.

---

[1] The Court notes that Petitioner's argument here appears to be materially identical to the arguments made in other cases in which the noncitizen was represented by counsel representing Petitioner here; the Court in those cases likewise criticized the lack of substantiation of the claimed pretextual denials.

*Second*, Petitioner contends that exhaustion should not be required because he is pursuing a constitutional claim, but his only constitutional claim—if his passing references could be called that--insists that detention without a bond hearing is unconstitutional—meaning the claim of unconstitutionality depends on the lack of the very opportunity he has not exhausted. Doc. 1 at 11-12. Petitioner cannot bypass the procedure he claimed to want by arguing that the constitution entitles him to that procedure. Moreover, it would violate elementary principles of constitutional avoidance to allow noncitizens to skip straight to adjudication of constitutional claims in federal court, bypassing entirely proceedings before the immigration court and BIA which might decide the case on other grounds making it unnecessary to reach the constitutional issues. This side of the looking glass, the long-standing doctrine of constitutional avoidance should not be scrapped in service of excusing a class of litigants from the separation-of-powers-protecting exhaustion doctrine.[2] *See, e.g., Pearson v. Callahan*, 555 U.S. 223, 241 (2009) (extolling "older, wiser judicial counsel not to pass on questions of constitutionality unless such adjudication is unavoidable").

As in *Murillo Moran*, the remainder of Petitioner's new arguments consist of a variety of factors why, in Petitioner's view, a bond hearing could only result in release. *See* Doc. 8 at 11-12 (listing claimed stability of reference, verified employment, domestic relationship, and lack of legal violations). It would be improper for the Court to adjudicate these arguments which go to the heart of the bond determination, because to do so would be to usurp the role of the Immigration Court and Board of Immigration Appeals, to which such determinations belong, and would end

---

[2] Petitioner cites *Sterkaj v. Gonzales*, 439 F.3d 273 (6th Cir. 2006), but it is not to the contrary. The noncitizen in *Sterkaj* had obtained an adjudication from an immigration judge.  And the Sixth Circuit held that noncitizens must present to the BIA those constitutional errors it can correct—such as, here, requiring a bond hearing. *Id.* at 279. Moreover, the Court did not suggest that a court should proceed straight to constitutional claims when the immigration tribunals might resolve the case on nonconstitutional grounds. Petitioner also cites *Ramani v. Ashcroft*, 378 F.3d 554, 560 (6th Cir. 2004), but the cited portion of that case simply discusses and applies exhaustion.

run the statute barring judicial review of such decisions. *See* 8 U.S.C. § 1226(e) ("The Attorney

General's discretionary judgment regarding the application of this section shall not be subject to

review. No court may set aside any action or decision by the Attorney General under this section

regarding the detention of any alien or the revocation or denial of bond or parole.").

## CONCLUSION

For the foregoing reasons, Plaintiff's Petition for Writ of Habeas Corpus (Doc. 1) is

**DENIED**.

**IT IS SO ORDERED**, this 4th day of August 2026.


       s/ *Brian C. Lea*
       BRIAN C. LEA
       UNITED STATES DISTRICT JUDGE